**W. H. HANSEN, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 22013.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1969.

Decided April 17, 1969.

132 U.S.App.D.C. 264, 272, 407 F.2d 1199, 1207 (1967).

Mr. Seymour M. Chase, Washington, D. C., for appellant.

Mr. Edward J. Kuhlmann, Counsel, Federal Communications Commission, with whom Messrs. Henry Geller, General Counsel, John H. Conlin, Associate General Counsel, and Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. Joseph A. Marino, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Before BAZELON, Chief Judge, BURGER and ROBINSON, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from decisions of the Federal Communications Commission finding Appellant's application for a radio license moot because the pre-existing license had been declared forfeit.

Appellant was the original licensee of radio station KDAN, Eureka, California. In 1959 he assigned this license to Radio KDAN, taking back a purchase money mortgage as part of the consideration for the sale. In 1961 KDAN defaulted on the mortgage and, through foreclosure proceedings, Appellant regained possession of the station's real and personal property. During this period, however, Radio KDAN had been "off the air" for ten months without Commission approval.

In May 1967 Appellant, as assignee of the licensee, filed with the Commission an assignment application for the KDAN license. This application was received but never formally filed or accepted by the Commission due to the absence of the assignor's section of the application. Appellant attempted to remedy this omission by executing the assignor's portion of the application; in doing so Appellant sought to rely on a "rider" which had been added to the mortgage subsequent to the Commission's 1959 approval of the initial assignment. The "rider," which was not filed with the Commission until July 1967,[1] provides, in pertinent part—

> Mortgagor [Radio KDAN] irrevocably appoints Mortgagee [Appellant] as Mortgagor's attorney in fact for the purpose of applying to the FCC for transfer of said license to Mortgagee in the event of default by Mortgagor under this mortgage or the note which the same secures and the exercise of any of Mortgagee's rights hereunder by Mortgagee upon such default.

While this application was pending, Radio KDAN filed a separate application to assign its license to one Phil Jackson; Appellant filed a Petition to Deny this application. The Commission denied the KDAN-Jackson application on the ground that it "contemplate[d] little more than the sale of the naked license" and that "Commission policy bars such a sale."[2] At the same time the Commission dismissed Appellant's assignment petition on the grounds that the license had been forfeited by Radio KDAN for non-use,[3] thereby rendering moot Appellant's application.

In a footnote to its decision the Commission addressed itself to the efficacy of the mortgage "rider," and declared the clause "void *ab initio* since it attempts to retain for [Appellant] a reversionary interest in the KDAN license, and as such is expressly forbidden by Section 73.19 of [the Commission's] rules."

1. There is some dispute as to whether the failure to file the mortgage "rider" with the Commission in 1959 was a violation of 47 C.F.R. §§ 1.540 and 1.613(b) (5). Our disposition of the case renders it unnecessary to discuss this issue.

2. The Commission here relied on 47 U.S.C. § 301 (1962), which provides for the use of radio frequencies "but not the ownership thereof" by licensees. *See also* 47 U.S.C. § 309(h) (1962).

3. *See* 47 C.F.R. §§ 73.73, 73.82 and 73.91.

At the close of the same footnote the Commission stated that "[w]e need not treat of this matter at length, however, because our action today in declaring forfeit the KDAN license renders it moot." In subsequently denying Appellant's petition for reconsideration the Commission recited both the prior finding of forfeiture for non-use and the invalidity of the mortgage "rider".

In urging reversal Appellant argues that the Commission erred in holding that the mortgage "rider" clause was void *ab initio*. We find it unnecessary to reach this issue, however, since the Commission's dispositive action was to cancel KDAN's outstanding license, in consequence of which it determined that Appellant's assignment application became moot. Neither on this appeal nor in the administrative proceedings below has Appellant challenged the validity of the Commission's action declaring forfeit the KDAN license or its dismissing as moot Appellant's application to assign such forfeited license. Appellant's petition for reconsideration asked only that the Commission hold "in abeyance the cancellation of the license for KDAN."

Under 47 U.S.C. § 405 (1962) this court is precluded from entertaining objections to issues which the Commission has not first been invited to rule upon through a petition for rehearing. *See, e.g.,* Albertson v. FCC, 100 U.S. App.D.C. 103, 105, 243 F.2d 209, 211 (1957). Section 405's prohibition of judicial review reflects the well settled doctrine expressed by Chief Justice Vinson that

> A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action. Unemployment Compensation Comm. v. Aragon, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946).

No reasons have been advanced which would justify our departing from this sound rule in this case.

Our conclusion that affirmance is compelled by Appellant's failure to challenge the forfeiture ruling does not require approval or disapproval of the Commission's findings either on that issue or the mortgage "rider" issue; accordingly, we do not reach or pass on the Commission's contentions on those issues.

Affirmed.