**In the Matter of Jewel F. SMITH, Individually, and Jewel F. Smith, d/b/a WDBS and WDBS, d/b/a Dairyland Broadcasting, Inc., Debtor.**

**Bankruptcy No. 88–51161.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Dec. 22, 1988.

William M. Flatau, Macon, Ga., trustee.

William C. Prather, Macon, Ga., for David H. Thomas.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Jewel F. Smith, Individually, and Jewel F. Smith, d/b/a WDBS and WDBS, d/b/a Dairyland Broadcasting, Inc., Debtor, filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 20, 1988. William M. Flatau was appointed as Trustee of the bankruptcy estate.

The primary asset remaining in the bankruptcy estate is an A.M. broadcasting license issued by the Federal Communications Commission (FCC). Trustee estimates the value of the license to be $10,-000. On November 2, 1988, Trustee filed with the Court an application to assign the bankruptcy estate's interest in the license. Notice of the proposed assignment was sent to all creditors. On November 23, 1988, David H. Thomas filed a timely objection to the proposed assignment. In his objection, Mr. Thomas asserts that he holds a first lien security interest in the license and that this security interest was perfected on April 9, 1986 by the filing of a financing statement with the clerk of the Superior Court, Putnam County, Georgia. Mr. Thomas further asserts that no equity exists in the radio station or its equipment and that Trustee should therefore abandon the license.

A hearing on Trustee's application and Mr. Thomas' objection thereto was held on December 16, 1988. At the hearing, Trustee contended that a security interest could not be taken in an FCC license as a matter of law. Trustee did not question the form of the financing statement itself. Mr. Thomas argued that a security interest in an FCC license is allowable, but that the secured creditor must obtain permission from the FCC prior to finalizing any foreclosure on the license.

Initially, the Court notes that upon the filing of the Chapter 7 bankruptcy petition, Debtor's interest in the FCC license became property of the bankruptcy estate.[1] Federal law prohibits the transfer of an FCC license or any of the rights thereunder unless application for the transfer is made to and granted by the FCC.[2] An exception to this rule has been made in the case of bankruptcy trustees, however, in order to avoid a conflict between the Bankruptcy Code and FCC regulations. Thus, "[i]n cases of bankruptcy ..., the Commission usually gives its consent to the temporary acquisition of the license by the trustee ..., pending disposition of station assets." *In re Merkley*, 94 F.C.C.2d 829 (1983); *see also LaRose v. FCC*, 494 F.2d 1145 (D.C. Cir.1974) (the Commission's regular practice is to approve an involuntary assignment of the license to a [trustee] in bankruptcy, who must then find a qualified purchaser).

Having determined that Trustee has legally acquired Debtor's interest in the license, the Court will now address Mr. Thomas' arguments. Simply stated, the issue before the Court is whether a security interest may be taken in an FCC license.

The Court notes that the position of the FCC is quite clear on this issue. In *In re Merkley*, the FCC stated, "a broadcast license, as distinguished from the station's plant or physical assets, is not an owned asset or vested property interest so as to be subject to a mortgage, lien, pledge, attachment, seizure, or similar property right."[3] The rationale behind the position of the FCC is that "hypothecation endangers the independence of the licensee who is and who should be at all times accountable to the Commission in the exercise of the broadcasting trust." *In re Merkley, supra,* (quoting *In re Radio KDAN, Inc.*, 11 F.C.C.2d 934, *reconsideration denied,* 12 F.C.C.2d 1026 (1968), *aff'd on other grounds sub nom. W.H. Hansen v. FCC,* 413 F.2d 374 (D.C.Cir.1969)). In *Stephens Industries, Inc. v. McClung*, the Sixth Circuit Court of Appeals upheld the position of the FCC.[4] The Sixth Circuit affirmed the

---

1. *See* 11 U.S.C.A. § 541 (West 1979 & Supp. 1988).

2. *See* 47 U.S.C.A. § 310(d) (West Supp.1988).

3. 94 F.C.C.2d 829 (1983) (citations omitted).

4. 789 F.2d 386 (6th Cir.1986).

bankruptcy court's ruling that an FCC license could not be included as security for a mortgage.[5]

Mr. Thomas' attorney has cited to the Court several opinions in which courts have addressed the issue of whether a creditor may hold a security interest in a license. None of the cited cases concerns an FCC broadcasting license. The Court has considered the various arguments presented and is persuaded by the ruling of the Sixth Circuit Court of Appeals in *Stephens* and the statements by the FCC in *In re Merkley*. Thus, the Court finds that Mr. Thomas does not hold a security interest in the FCC license which Trustee proposes to assign.

Accordingly; it is

5.  *Id.* at 390.

ORDERED that the "Objection to Application of Trustee to Assign Interest" filed by David H. Thomas on November 23, 1988 hereby is overruled; and it is further

ORDERED that the "Application to Assign Interest" filed by Trustee on November 2, 1988 hereby is granted; and it is further

ORDERED that this memorandum opinion and order be entered on the docket on the day set out below.

SO ORDERED.