In re Thomas J. CONLAN, Debtor.

Michael J. IANNACONE, Appellee,

v.

**NORTHERN STATES POWER COMPANY, Appellant.**

No. 91–3160.

United States Court of Appeals, Eighth Circuit.

Submitted July 24, 1992.

Decided Sept. 8, 1992.

Timothy D. Moratzka, Minneapolis, Minn. (Timothy D. Moratzka and Bradley J. Halberstadt, on brief), for appellant.

Michael J. Iannacone, St. Paul, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Northern States Power Co. (NSP) appeals from a final order entered in the District Court for the District of Minnesota affirming a bankruptcy court decision holding that the debtor's interests in certain ERISA[1]—qualified pension plans were part of the bankruptcy estate. *In re Conlan,* Civ. No. 4–91–208 (D.Minn. Aug. 5, 1991) (order). For reversal, NSP argues the debtor's interests should have been excluded from the bankruptcy estate as property subject to a restriction on transfer enforceable under "applicable nonbankruptcy law." For the reasons discussed below, we reverse the order of the district court and remand the case to the district court for further proceedings consistent with this opinion.

The underlying facts are not in dispute. Thomas J. Conlan (the debtor) is an employee of NSP and a participant in certain ERISA-qualified pension plans provided by NSP. Each pension plan contains an anti-alienation provision restricting alienation and assignment of plan benefits. *See* 29 U.S.C. § 1056(d)(1). In October 1989 the debtor filed a Chapter 7 petition for bankruptcy. He claimed his interests in the pension plans were exempt and estimated their value at about $28,000.00. Michael J. Iannacone was appointed trustee and filed an objection. In January 1990 the bankruptcy court sustained the trustee's objection to the debtor's claimed exemption.

In March 1990 the trustee filed an adversary proceeding against NSP to recover the debtor's interests in the pension plans for the benefit of the bankruptcy estate. NSP filed an answer, arguing that the debtor's interests in the pension plans were exempt from the bankruptcy estate under 11 U.S.C. § 541(c)(2), which excludes from the bankruptcy estate property that is subject to "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-

bankruptcy law." NSP argued that "applicable nonbankruptcy law" included ERISA and that the anti-alienation provisions in the pension plans constituted restrictions on transfer enforceable under "applicable nonbankruptcy law." The parties filed cross-motions for summary judgment. The bankruptcy court rejected NSP's argument and held that the debtor's interests in the pension plans were not excluded from the bankruptcy estate. *In re Conlan,* No. 3–89–3922 (Bankr.D.Minn. Feb. 14, 1991) (second amended judgment). The district court affirmed the decision of the bankruptcy court, relying in part on our earlier decision in *In re Graham,* 726 F.2d 1268 (8th Cir. 1984) (limiting "applicable nonbankruptcy law" to state spendthrift trust law). *In re Conlan,* Civ. No. 4–91–208, slip op. at 3–4. This appeal followed.

The issue on appeal is whether an anti-alienation provision in an ERISA-qualified pension plan constitutes a restriction on transfer enforceable under "applicable nonbankruptcy law" for purposes of the 11 U.S.C. § 541(c)(2) and thus exempts such interests from the bankruptcy estate. At the time this appeal was submitted, this precise issue was pending before the Supreme Court, and we held the appeal in abeyance pending the decision of the Supreme Court. The Supreme Court has since decided *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), and that decision is dispositive of this appeal. In *Patterson v. Shumate* the Court rejected the position taken in *In re Graham* and held that the term " 'applicable nonbankruptcy law' encompasses any relevant nonbankruptcy law, including federal law such as ERISA." *Id.* at ——, 112 S.Ct. at 2247. *Accord In re Green,* 967 F.2d 1216 (8th Cir.1992).

As noted above, each of the ERISA-qualified pension plans at issue contains an enforceable, anti-alienation provision. For this reason, we hold that the debtor's interests in the ERISA-qualified pension plans at issue are subject to an enforceable transfer restriction for purposes of 11 U.S.C.

---

1. Employee Retirement Income Security Act of 1974 (ERISA), Pub.L. No. 93–406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C. and other titles).

§ 541(c)(2) and thus may be excluded from the bankruptcy estate. Accordingly, we reverse the order of the district court and remand the case to the district court for further proceedings consistent with this opinion.