WEIS, Circuit Judge.
In this appeal, we hold that a former federal employee’s right to receive a lump-sum retirement benefit is excluded from his bankruptcy estate. Accordingly, we will reverse a district court order affirming a bankruptcy judge’s determination that the lump sum was part of the estate.
The debtor, L.D. Alderson, was employed by the federal government for almost thirty years until his service was terminated on May 24, 1985. During his federal career, he participated in the Civil Service Retirement System and contributed approximately $34,- *1303 993.80 toward retirement benefits. In the period between 1985 and November 1, 1993, or thirty-one days prior to his sixty-second birthday, the debtor had the option to withdraw his accrued benefits as a lump sum, rather than in the form of an annuity. He did not exercise that right.
In May 1989, the debtor filed for relief under Chapter 12 of the Bankruptcy Code. The case was converted a few months later to a Chapter 7 proceeding. Although the debtor did not initially claim an exemption for his civil service retirement benefits under 11 U.S.C. § 522, he later attempted to modify his schedule of exemptions by listing those benefits.[1] The bankruptcy judge, however, denied permission to amend because the debtor had acted in bad faith and had not given proper notice to all affected parties.
Two creditors, the Estates of Carl V. Gull and Eunice I. Gull, then filed a complaint on January 21, 1992, amended April 28, 1992, asking the bankruptcy judge to direct the United States Office of Personnel Management to transfer the debtor’s entire interest in his retirement benefits to the bankruptcy trustee. The Office of Personnel Management answered the complaint and then intervened on behalf of the debtor.
In an opinion granting relief to the creditors, the bankruptcy judge recognized that under the Civil Service Retirement System, pensions are not generally assignable or “subject to legal process” except as “otherwise may be provided by Federal laws.” However, because the debtor had the right to request a lump-sum benefit in the amount of $34,993.80 at the time he filed for bankruptcy, the judge concluded that the trustee likewise had the right to exercise that option on behalf of the debtor’s estate. The bankruptcy judge also determined that the civil service retirement fund was not a spendthrift trust under South Dakota law.
The district court affirmed, stating that because the debtor had “the unfettered right to the assets of this pension fund,” the trustee could exercise the option to receive the debtor’s benefits in one lump sum. The Office of Personnel Management and the debt- or have appealed.
The property of a bankruptcy estate includes “all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). The scope of this section is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action. United States v. Whiting Pools, Inc., 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2d 515 (1983).
Excluded from the bankruptcy estate is property subject to restrictions on transfer by “applicable nonbankruptcy law.” 11 U.S.C. § 541(c)(2). By way of illustration, in Patterson v. Shumate, — U.S.-,-, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992), the Supreme Court held that a debtor’s interest in an ERISA-qualified plan may be excluded from his estate under the Bankruptcy Code. The Court relied on ERISA’s requirement that approved plans include a provision “ ‘that benefits provided under the plan may not be assigned or alienated.’ ” Id. at-, 119 S.Ct. at 2247 (quoting 29 U.S.C. § 1056(d)(1)).
A similar restriction on transfer of civil service benefits is included in the statutory scheme of Title 5. Section 8346(a) of that title provides that “[t]he money mentioned by this subehapter [civil service retirement benefits] is not assignable, either in law or equity, ... or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by Federal laws.” As of 1988, section 8342 of Title 5 provides that a federal employee who has been separated from the service for at least thirty-one days “is entitled to be paid the lump-sum credit” if the employee “will not become eligible to receive an annuity *1304 within thirty-one days after filing the application.”
In Shumate, — U.S. at-, 112 S.Ct. at 2247, the Supreme Court rejected the proposition that the Bankruptcy Code excluded only those funds that would qualify as spendthrift trusts under state law. The Court expressly held that trusts under federal law were excluded as well. Id.
In 1984, Congress amended section 8342 by adding a provision that allows payment of the lump sum only after notification has been given to the employee’s spouse and any former spouse. 5 U.S.C. § 8342(j)(l)(A). In 1986, Congress specified that lump sum payments would be “subject to the terms of a court decree of divorce, annulment, or legal separation,” or a property settlement incident to such a decree. Id. § 8342(j)(l)(B). Significantly, that section displays no such concern for creditors.
The trustee contends that the language in section 8346(a) “except as otherwise may be provided by Federal laws” applies to the lump-sum provision in section 8342 even if the anti-alienation provisions extend to the periodic annuity payments. However, we find no basis for a distinction under the civil service statute between payments made as an annuity and the lump-sum credit.
It is significant that the Civil Service Retirement Act, in imposing the restrictions against alienation, uses the phrase “money mentioned by this subchapter,” id. § 8346(a), rather than such narrower terms as “annuity” or “periodic payments.” In our view, the word “money” clearly includes the lump-sum payment that is available under 5 U.S.C. § 8342.
The lump-sum provision is also within the scope of the Bankruptcy Code, 11 U.S.C. § 541(c)(2), which excludes from the estate property that is subject to “[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law....” Hence, the restriction on alienation in 5 U.S.C. § 8346(a) is not affected by other federal laws. Indeed, as recognized by the 1986 amendments, Congress was careful in defining the limited marital rights granted by 5 U.S.C. § 8342(j)(l)(B).
The trustee’s argument that excluding the debtor’s interest in the lump-sum payment would frustrate the bankruptcy policy of a broad inclusion of property in the estate was answered in Shumate. There, the Court emphasized its view that the more important policy is protecting pension benefits. Shumate, — U.S. at-, 112 S.Ct. at 2249-50. Although Shumate was an ERISA case, the same basic concern for pension benefits applies to federal employees as well as those in the private sector. See Guidry v. Sheet Metal Workers Nat’l Pension Fund, 493 U.S. 365, 372 & n. 13, 110 S.Ct. 680, 685 & n. 13, 107 L.Ed.2d 782 (1990).
In view of the clear statutory language in § 8346(a) and the Court’s policy choice in Shumate, we see no need to conduct a review of the legislative history of the statutes at issue in this dispute. In a pre-Shumate case, however, the district court in SSA Baltimore Fed. Credit Union v. Bizon, 42 B.R. 338 (D.Md.1984), discussed the lump-sum payment of civil service retirement benefits against the background of legislative history.
The Bizon court noted that the Senate Government Affairs Committee stated its understanding that the prohibition against alienation in section 8346(a) applied “ ‘except as may be expressly provided by Federal laws.’” Bizon, 42 B.R. at 348 (quoting S.Rep. No. 1084, 95th Cong., 2d Sess. 2, reprinted in 1978 U.S.C.C.A.N. 1379, 1380).[2] Bizon, in addition, determined that the Civil Service Retirement System qualified under state spendthrift provisions — a finding that need no longer be made after Shumate. See In re Conlan, 974 F.2d 88, 89 (8th Cir.1992).
We conclude that the debtor’s option to withdraw lump-sum benefits from the Civil *1305 Service Retirement System did not serve to make these benefits “property” includable in the debtor’s estate under the Bankruptcy Code.
Accordingly, the judgment of the District Court[3] will be reversed, and the case will be remanded so that the District Court may reverse the order of the Bankruptcy Court[4] and further remand this matter for proceedings not inconsistent with this opinion.

. In Velis v. Kardanis, 949 F.2d 78, 81-82 (3d Cir.1991), the Court explained that the exemption provisions of 11 U.S.C. § 522(d)(10)(E) apply to distributions made from a pension plan and distributions to which the debtor has a present and immediate right to receive. However, pension plan assets in the hands of a plan administrator may be excluded from the debtor’s estate under section 541. Here, the debtor did not appeal the order denying amendment to the schedule of exemptions, and therefore, we do not decide whether civil service retirement benefits qualify as an exemption.

. We note that the same Senate Report quoted in Bizon specifically referred to lump-sum payments. The Committee wrote: "Section 8346(a) now provides that the money mentioned by the civil service retirement provisions, such as annuity payments and lump-sum refunds, is not assignable or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by Federal laws." S.Rep. No. 1084, 95th Cong., 2d Sess. 3, reprinted in 1978 U.S.C.C.A.N. 1379, 1381.

. The Honorable Richard H. Battey, United States District Judge for the United States District Court for the District of South Dakota.

. The Honorable Irvin N. Hoyt, Chief Bankruptcy Judge of the United States Bankruptcy Court for the District of South Dakota.