In re CENTRAL ARKANSAS BROADCASTING COMPANY, Debtor.

Ward RAMSAY, Appellant,

v.

James F. DOWDEN, Trustee, Appellee.

No. 94–3359.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1995.

Decided Oct. 4, 1995.

Dale W. Finley, Rusellville, Arkansas, for appellant.

James F. Dowden, Little Rock, Arkansas, for appellee.

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

The primary issue in this case is whether a Chapter 7 debtor's radio station operating license, transferred with Federal Communications Commission (FCC) approval to Ward Ramsay as part of an auction sale conducted by the trustee, was a valuable intangible asset that qualified as property of the bankruptcy estate. The bankruptcy court [1] held that it was, and the district court [2] affirmed. Ramsay appeals, and we affirm.

We review de novo the bankruptcy court's legal conclusions, and review for clear error its findings of fact. *In re Berger,* 61 F.3d 624, 626 (8th Cir.1995). Whether property is included in the bankruptcy estate is a question of law. *See In re Da–Sota Elevator Co.,* 939 F.2d 654, 654–55 (8th Cir.1991). The property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of [section 541(a)(1) of the Bankruptcy Code] is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action." *Whetzal v. Alderson,* 32 F.3d 1302, 1303 (8th Cir.1994). Property of the estate generally includes the debtor's interest in property that has restrictions or conditions on its transfer. 11 U.S.C. § 541(c)(1). An FCC license is granted and may be transferred, subject to restrictions and conditions. *See* 47 U.S.C. §§ 307(c), (d), 310(d). Indeed, the sale of the debtor's assets here was contingent upon the FCC-approved transfer of the license to the buyer. In view of the broad definition of property under section 541(a)(1), we conclude the

1. The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

2. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

bankruptcy court correctly determined the license was property of the estate. *See e.g., In re Fugazy Express, Inc.,* 124 B.R. 426, 430 (S.D.N.Y.1991) (holding FCC license is property of the estate), *appeal dismissed for lack of juris.,* 982 F.2d 769 (2d Cir.1992); *In re Smith,* 94 B.R. 220 (Bankr.M.D.Ga.1988) (same); *see also Matter of Tak Communications, Inc.,* 985 F.2d 916, 917–18 (7th Cir. 1993) (affirming district court's reasoning in all respects, including the district court's express assumption that the FCC license qualified as property of the estate). *But see In re D.H. Overmyer Telecasting Co.,* 35 B.R. 400, 401–03 (Bankr.N.D.Ohio 1983) (holding FCC license is not property of the estate).

 We also conclude the bankruptcy court did not clearly err in valuing the license. *See In re Da–Sota Elevator Co.,* 939 F.2d at 657 (stating valuation is question of fact). Where there is more than one permissible view of the evidence, we may not hold that the choice made by the trier of fact was clearly erroneous. *In re LeMaire,* 898 F.2d 1346, 1349 (8th Cir.1990). Even greater deference is required where factual findings call for an assessment of witness credibility, and no documents or objective evidence contradict the testimony. *Id.* The bankruptcy court reached its valuation figure based on the testimony of three experts, each of whom gave a different valuation figure; the record contains no other evidence regarding valuation of the license. *See In re Da–Sota Elevator Co.,* 939 F.2d at 657 (concluding district court's valuation finding not clearly erroneous where finding based on careful evaluation of evidence in record).

Accordingly, the judgment is affirmed.