SCHROEDER, Circuit Judge:
Appellant is a Chapter 7 trustee of the estate of the debtors, Wilker and Janice Conner. The contested property is Janice Conner’s interest in her pension and profit sharing plan, which is maintained by her employer, The Orthopedic Clinic. The trustee now appeals from a decision of the Bankruptcy Appellate Panel affirming a bankruptcy court order that refused to turn over the debtor’s interest in the plan to the bankruptcy estate. The issue is whether the debtor’s interest in the plan is exempted from the bankruptcy estate under 11 U.S.C. § 541(e)(2). That section provides that interest in a trust that is subject to transfer restrictions under “applicable non-bankruptcy law” is not part of the bankruptcy estate. 11 U.S.C. § 541(c)(2).
The BAP held that under the controlling law of this circuit, the after tax contributions of the Conners to the plan should be excluded from the estate because the plan itself was an ERISA qualified plan that had an anti-alienation provision. See In re: Rueter, 11 F.3d 850 (9th Cir.1993), applying Patterson v. Shumate, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).
The BAP decision is published at 165 B.R. 901 (9th Cir. BAP 1994). Judge Jones filed a concurring opinion in the BAP decision, questioning the soundness of our holding in In re: Rueter that under Shumate, an ERISA plan’s anti-alienation provision was sufficient to exclude the plan from the bankruptcy estate. Jones’ concurrence pointed out that although the Conners’ plan had an anti-alienation provision, the particular assets at issue here were after tax payments to which the debtors had complete access, and which Janice Conner could withdraw at any time.
In this appeal,' the trustee emphasizes debtor access and control. He argues that because Congress intended traditional trust law principles to apply, we should hold that funds cannot be placed in trust, beyond the reach of creditors, while remaining within the control of the debtor. The trustee essentially asks us to overrule our decision in In re: Rueter, which is something only an en banc court can do. In Rueter, we held that a *260 debtor’s interest in an ERISA qualified plan was excluded from the “property of the estate,” even though the plan allowed employees to withdraw their own contributions at any time and to withdraw employer contributions after two years. See In re: Rueter, 11 F.3d at 851. We reached that conclusion while relying upon the Supreme Court’s decision in Shumate. Rueter was correctly decided.
The Supreme Court’s decision in Shumate was prompted by a split among the circuits as to whether the anti-alienation provision in an ERISA qualified pension plan constituted a transfer restriction, enforceable under “applicable non-bankruptcy law” within the meaning of § 541(c)(2), so as to exempt ERISA plans from the bankruptcy estate. 504 U.S. at 757-58, 112 S.Ct. at 2246. The issue in Shumate was whether the phrase “applicable non-bankruptcy law” included federal as well as state law. Our own court had held that the ERISA anti-alienation provision was not sufficient, and that the § 541(c)(2) exclusion was limited to pension plans that qualified under state law as spendthrift trusts. In re Daniel, 771 F.2d 1352 (9th Cir.1985). In so holding, we followed the opinion in Matter of Goff, 706 F.2d 574 (5th Cir.1983), which discussed the differences between a spendthrift trust and an ERISA anti-alienation provision. In Goff, the Fifth Circuit explained that the policy against debtors placing their own property in revocable trust for their own benefit, and thereby exempting their property from the claims of creditors, would be subverted if ERISA plans were exempted from the bankruptcy estate. Id. at 588. This is true because debtors essentially control the assets in their ERISA plans; ERISA mandated restrictions only bar alienation to third parties. By contrast, spendthrift trusts are not self-settled, not freely revocable and not alienable. Thus, Goff reasoned, exempting a spendthrift trust from the bankruptcy estate does not allow debtors to hide their assets from creditors while still retaining the benefits of unfettered control. Id.
The Supreme Court, however, in Shumate, held that the anti-alienation provision in ERISA qualified pension plans was a restriction on transfer enforceable under “applicable non-bankruptcy law.” It rejected In re Daniel, 771 F.2d 1352 (9th Cir.1985) and Matter of Goff, 706 F.2d 574 (5th Cir.1983). 504 U.S. at 760-62, 112 S.Ct. at 2248. Thus, under Shumate, ERISA plans are exempted from the bankruptcy estate, even though ERISA only requires restraints on alienation to third parties. In interpreting the § 541(c)(2) exemption to cover ERISA plans, the Supreme Court appears to have discounted any distinctions based on the debtors’ control of their assets. Thus, the appellant’s argument that we should conduct a functional analysis focusing on the debtors’ control of the assets in the ERISA Plan has been rejected by the Supreme Court.
We therefore AFFIRM the BAP.
AFFIRMED.