MANUFACTURERS BANK & TRUST COMPANY, FOREST CITY, IOWA, Appellant,

v.

Ralph K. HOLST, Appellee.

No. C 96–3038–MWB.

United States District Court, N.D. of Iowa, Central Division.

July 11, 1996.

David J. Siegrist, of Siegrist & Jones, P.L.C., Britt, Iowa, for Appellant.

David M. Nelsen, of Nelsen Law Office, Mason City, Iowa, for Appellee.

## MEMORANDUM OPINION AND ORDER ON APPEAL OF DECISION OF BANKRUPTCY COURT

BENNETT, District Judge.

This matter is an appeal pursuant to 28 U.S.C. § 158(a) from the judgment, order, or decree of the bankruptcy court denying a creditor's objection to a debtor's claim of exemption in an ERISA-qualified 401(k) pension plan. The bankruptcy court held that debtor Ralph K. Holst's beneficial interest in his 401(k) plan with Winnebago Industries, Inc., is excluded from the estate under 11 U.S.C. § 541(c)(2). It therefore did not reach the question of whether his beneficial interest, if property of the bankruptcy estate, was nonetheless exempt under Iowa law. The bankruptcy court's decision is reported at *In re Holst,* 192 B.R. 194 (Bankr.N.D.Iowa 1996).

Appellant Manufacturers Bank & Trust Co. contends on appeal that the 401(k) plan must be both ERISA-qualified and a spendthrift trust under Iowa law. Appellant contends that the debtor's access to the 401(k) benefits means the assets in the plan cannot be excluded from the bankruptcy estate. Holst contends that once the 401(k) plan is shown to be an ERISA-qualified plan with the necessary restrictions on alienation, pursuant to the Supreme Court's decision in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the plan benefits must be excluded from the estate.

■ The Eighth Circuit Court of Appeals has stated the standard of review for decisions of the bankruptcy court with remarkable consistency and succinctness. The court of appeals sits as a second court of review, applying the same standards of review as the district court. *In re Roso,* 76 F.3d 179, 180 (8th Cir.1996); *In re Rine & Rine Auctioneers, Inc.,* 74 F.3d 848, 851 (8th Cir.1996). Thus, both the court of appeals and the district court review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *In re Be–Mac Transp. Co., Inc.,* 83 F.3d 1020, 1025 (8th Cir.1996); *In re Brown,* 82 F.3d 801, 804 (8th Cir.1996); *In re Molitor,* 76 F.3d 218, 219 (8th Cir.1996); *In re Roso,* 76 F.3d at 180;

*In re Rine & Rine Auctioneers, Inc.,* 74 F.3d at 851.

■ Whether property is included in the bankruptcy estate is a question of law. *In re Central Arkansas Broadcasting Co.,* 68 F.3d 213, 214 (8th Cir.1995); *In re Da–Sota Elevator Co.,* 939 F.2d 654, 654–55 (8th Cir. 1991). As the Eighth Circuit Court of Appeals has observed,

> The property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of [section 541(a)(1) of the Bankruptcy Code] is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action." *Whetzal v. Alderson,* 32 F.3d 1302, 1303 (8th Cir. 1994).

*In re Central Arkansas Broadcasting Co.,* 68 F.3d at 214. However, excluded from the bankruptcy estate is property subject to restrictions on transfer by "applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2). The bankruptcy court found this exception applicable to the pension plan benefits in question here, and therefore excluded the pension benefits from Holst's bankruptcy estate.

■ In this case, the bankruptcy court made the following pertinent findings of fact, which this court concludes are not clearly erroneous, and which the parties do not challenge on appeal. Holst retired from his employment with Winnebago Industries, Inc., in September of 1994, when he was 62 years old. At that time, his rights under the 401(k) plan were fully vested. He elected to take a lump sum distribution on his separation from employment and directed that his payment of $72,084.81 be sent to Liberty Bank & Trust for deposit in an Individual Retirement Account. Holst was subsequently re-employed by Winnebago, sometime on or before May 17, 1995, at which time he made another rollover, this time from his IRA back into the Winnebago 401(k) plan, of $47,929.67. The bankruptcy court found that this sum was all that remained in the IRA from Holst's deposit after retirement.

Appellant conceded before the bankruptcy court, and takes no different position here, that the Winnebago 401(k) plan into which Holst re-contributed funds from his IRA is a trust subject to ERISA and that it contains an anti-alienation provision as required by 29 U.S.C. § 1056(d)(1). The bankruptcy court cited *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), as establishing that "applicable nonbankruptcy law" under § 541(c)(2) includes ERISA. Because the Winnebago 401(k) plan had the necessary ERISA restrictions on alienation, the bankruptcy court concluded, "So long as Holst's beneficial interest is part of the Winnebago Plan, it is protected by the Plan's restriction on transfer, despite Holst's right to demand distribution of his benefit." The bankruptcy court also concluded that Holst's rollover contribution to the Winnebago Plan from his IRA came within the protection of the Winnebago 401(k) plan's restriction on transfer, because its restriction applies to "any benefit under the Plan." The bankruptcy court rejected Manufacturers' argument that the Winnebago plan must meet both ERISA's anti-alienation requirements and state spendthrift trust requirements before benefits in the plan could be excluded from the debtor's estate. The bankruptcy court therefore held that Holst's beneficial interest in the Winnebago 401(k) plan is excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2), despite Holst's right under that plan to obtain distribution of the benefit.

Upon de novo review, this court concurs in these conclusions. In *Whetzal v. Alderson*, 32 F.3d 1302 (8th Cir.1994), the Eighth Circuit Court of Appeals noted that

> [I]n *Patterson v. Shumate*, 504 U.S. 753, 760–62, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992), the Supreme Court held that a debtor's interest in an ERISA-qualified plan may be excluded from his estate under the Bankruptcy Code. The Court relied on ERISA's requirement that approved plans include a provision " 'that benefits provided under the plan may not be assigned or alienated.' " *Id.* at 759, [112] S.Ct. at 2247 (quoting 29 U.S.C. § 1056(d)(1)).

*Whetzal*, 32 F.3d at 1303. Furthermore, the Eighth Circuit Court of Appeals found,

> In *Shumate*, 504 U.S. at 758–60, 112 S.Ct. at 2247, the Supreme Court rejected the proposition that the Bankruptcy Code excluded only those funds that would qualify as spendthrift trusts under state law. The Court expressly held that trusts under federal law were excluded as well. *Id.*

*Whetzal*, 32 F.3d at 1304. Finally, the Eighth Circuit Court of Appeals found that, because it had concluded that the anti-alienation provisions of ERISA were dispositive of whether benefits were excludable from a bankruptcy estate, the *Shumate* decision emphasized the Supreme Court's view that protecting pension benefits is a more important policy than the bankruptcy policy of a broad inclusion of property in the estate. *Id.* Consequently, in considering whether benefits in a plan with the Civil Service Retirement System, which had restrictions on alienation similar to those in an ERISA plan, were includable in the bankruptcy estate, the Eighth Circuit Court of Appeals held that "the debtor's option to withdraw lump-sum benefits from the [plan] did not serve to make these benefits 'property' includable in the debtor's estate under the Bankruptcy Code." *Id.* at 1304–05. Decisions of other courts are even more squarely on point and demonstrate the correctness of the bankruptcy court's decision in the present case.

In a recent decision, *In re Conner*, 73 F.3d 258 (9th Cir.1996), the Ninth Circuit Court of Appeals relied on *Shumate* to dispense with the analysis of the debtor's control of assets asserted by the appellant here:

> [U]nder *Shumate*, ERISA plans are exempted from the bankruptcy estate, even though ERISA only requires restraints on alienation to third parties. In interpreting the § 541(c)(2) exemption to cover ERISA plans, the Supreme Court appears to have discounted any distinctions based on the debtors' control of their assets. Thus, the appellant's argument that we should conduct a functional analysis focusing on the debtors' control of the assets in the ERISA Plan has been rejected by the Supreme Court.

*In re Conner,* 73 F.3d at 260. In so holding, the Ninth Circuit Court of Appeals reaffirmed its prior decision in *In re Rueter,* 11 F.3d 850 (9th Cir.1993), which had held that a debtor's interest in an ERISA qualified plan was excluded from the property of the estate, even though the plan allowed employees to withdraw their own contributions at any time and to withdraw employer contributions after two years. *Id.* (citing *In re Rueter,* 11 F.3d at 851, in turn relying on *Shumate*). Also applying *Shumate,* the Sixth Circuit Court of Appeals concluded that

> funds already in [the debtor's] ERISA-qualified account, including the money she repaid prior to filing for bankruptcy, are not part of the bankruptcy estate. However, the money debtors wish to repay to the ERISA account in the future is not similarly excluded.

*In re Harshbarger,* 66 F.3d 775, 777 (6th Cir.1995).

Decisions of the bankruptcy courts themselves are in accord with these conclusions of the courts of appeals to consider the question. In *In re Baker,* 195 B.R. 386 (Bankr. N.D.Ill.1996), the bankruptcy court stated,

> After *Patterson,* it is no longer necessary to determine whether an ERISA-qualified plan is a spendthrift trust and thus excluded or exempt from the estate under state law. *See Shumate v. Patterson,* 943 F.2d 362, 364 (4th Cir.1991), *aff'd,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Nor is it necessary to determine whether an ERISA-qualified plan is a self settled trust and thus not excluded or exempt pursuant to state law. *See Barkley v. Conner (In re Conner),* 73 F.3d 258, 260 (9th Cir.1996).... Once the plan is determined to be ERISA-qualified, the inquiry is finished. *Shumate,* 943 F.2d at 364.... Thus, the only inquiry is whether the Plan, and the Trust created within that Plan, were ERISA-qualified.

*In re Baker,* 195 B.R. at 390–91 (some internal citations omitted). The bankruptcy court recognized that such a result might seem "counterintuitive," because "funds to which a debtor may have some limited access are now excluded from the estate," even though this would not have been so under trust and bankruptcy law principles. *Id.* at 391. The bankruptcy court found a reason for this result, however, similar to that identified by the Eight Circuit Court of Appeals in *Whetzal:*

> [T]he fact that these funds are excluded from the estate reflects a reconciliation between the congressional intent to protect retirement funds, the congressional desire for consistency in the treatment of assets both within and outside the bankruptcy context, and the broad concept of property of the estate.

*In re Baker,* 195 B.R. at 391 (citations omitted); *accord Whetzal,* 32 F.3d at 1304. The bankruptcy court therefore concluded that, "although it is counterintuitive for a bankruptcy court to allow the exclusion of assets to which a debtor has access, albeit restricted, it is required under *Patterson* if the plan in question is ERISA-qualified." *Id.*

Manufacturers' reliance upon the decision of the bankruptcy court in *In re Caslavka,* 179 B.R. 141 (Bankr.N.D.Iowa 1995), as stating a contrary rule, is misplaced. *In re Caslavka* stands only for the now unremarkable legal proposition that assets lose their ERISA protection when distributed from an ERISA plan into a plan without the necessary anti-alienation provisions. *See In re Caslavka,* 179 B.R. at 142; *see also In re Houck,* 181 B.R. 187, 190 (Bankr.E.D.Pa. 1995) (citing for this proposition *Velis v. Kardanis,* 949 F.2d 78 (3d Cir.1991), and *Trucking Employees of North Jersey Welfare Fund, Inc. v. Colville,* 16 F.3d 52 (3d Cir. 1994)). The decision in *In re Caslavka,* unlike the decision in *In re Harshbarger,* however, says nothing whatever about pension or retirement benefits rolled over from a non-ERISA plan into an ERISA plan, which thereby *gain* ERISA's anti-alienation provisions, and hence must be excluded from the bankruptcy estate. *Cf. In re Harshbarger,* 66 F.3d at 777.

The bankruptcy court correctly held that Holst's pension benefits in an ERISA-qualified plan were excluded from his bankruptcy estate even though Holst had some rights of access to those benefits. Upon de novo re-

view, the decision of the bankruptcy court is therefore **affirmed.**

IT IS SO ORDERED.