**In re Donald K. DOMINA and Sandra J. Domina, Debtors.**

**No. 01–03571S.**

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

March 4, 2002.

Marvin Wallace Miller, Sr., Cherokee, IA, for debtors

## ORDER RE: TRUSTEE'S OBJECTION TO EXEMPTIONS

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is the trustee's objection to debtor Donald Domina's claim of exemption in a deferred compensation plan. Hearing was held February 5, 2002 in Sioux City. Donald H. Molstad, Chapter 7 trustee, appeared on his own behalf. Wally Miller, Sr. appeared for the debtors.

In his bankruptcy Schedule B, Domina described his interest in the plan as "State Employment—Deferred Comp. Plan, funded through insurance." Debtor's Exhibit 1, admitted at the hearing, includes the deferred compensation agreement Domina entered into in 1988 to enroll in the plan. The agreement provides that the State of Iowa will purchase an insurance product from Principal Mutual Life Insurance Company by using Domina's deferred compensation to make monthly premium payments.

The last four pages of the exhibit are copies of documents prepared in February 2001; they relate to investment in Hartford Life Insurance Company. The Hartford documents are ambiguous because they refer both to a deferred compensation program and to a "401(a) account." Section 401(a) of the Internal Revenue Code sets out the requirements for a trust to be a "qualified trust" as part of a tax-qualified employer plan. A qualified trust might be part of a pension or profit-sharing plan; it could be included in a plan containing a cash or deferred arrangement. 26 U.S.C. § 401(k). Trust qualification under § 401(a) does not define the type of plan. To the extent that the Hartford investment is not a deferred compensation plan, it is an unscheduled asset. This decision applies only to Domina's interest in the State of Iowa's deferred compensation plan.

The parties were given an opportunity to file briefs on the exemption issue and on whether the debtor's interest in the plan is property of the bankruptcy estate. Neither has done so. The court now issues its findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### Findings of Fact

Donald Domina and his wife Sandra Domina filed a joint Chapter 7 petition on October 22, 2001. Donald, age 55, is employed by the State of Iowa, Department of Public Defense, Military Division. He works as a firefighter at the Sioux City Gateway Airport. Donald listed interests in two employee benefit plans on his bankruptcy Schedule B. He scheduled an interest in an IPERS account valued at $32,381 and a deferred compensation plan valued at $10,000. He claimed both plans exempt pursuant to Iowa Code § 627.6(8)(e). The trustee objects to the claim of exemption in the deferred compensation plan.

The deferred compensation plan is a voluntary plan funded by amounts withheld from Domina's paycheck and by matching funds from the State of Iowa. The funds are invested in an insurance product sold by Principal Mutual Life Insurance Company. In August 1988, Domina enrolled in the plan; the plan was to become effective November 1, 1988. The enrollment document, at paragraph C, states:

If the Employee terminates employment, the Employer shall cease making any further premium payments. The policy shall then be held by the Employer until the Employee dies or requests that payments be started in accordance with the terms of this agreement and

plan provisions in the Administrative Code of Iowa.

Exhibit 1. The application for insurance, at item 11, includes the notation "IRS 457."

Iowa Administrative Code § 581–15.6(19A) is titled "deferred compensation" and defines "plan" as "the state of Iowa deferred compensation 457 plan and trust as set forth in this document, and as it may be amended from time to time, and which has been authorized by Iowa Code section 509A.12 and chapter 19A." The court finds that § 581–15.6(19A) constitutes the plan (hereinafter the "Plan") that governs Domina's interest in the State of Iowa's deferred compensation program.

The terms of the Plan as amended are binding on Plan participants. Plan, subsection 15.6(2)(k). In the event of any conflict between the Plan and other documents such as enrollment forms, the terms of the Plan control. Plan, subsection 15.6(2)(j).

The Plan provides at subsection 15.6(3):

a. The assets and income of the plan shall be held by the trustee for the exclusive benefit of the participating employee or the participating employee's beneficiary.

b. The rights of a participating employee under this plan shall not be subject to the rights of creditors of the participating employee or any beneficiary and, except as expressly provided herein, shall be exempt from execution, attachment, prior assignment, or any other judicial relief, or order for the benefit of creditors or other third persons.

. . .

d. Neither a participating employee, nor the participating employee's beneficiary, nor any other designee shall have the right, except as expressly provided herein, to commute, sell, assign, transfer, borrow, alienate, use as collateral or otherwise convey the right to receive any payments hereunder which payments and right thereto are expressly declared to be nonassignable and nontransferable.

The Plan's trust provisions are found at subsection 15.6(4). The trust "is intended to be exempt from taxation under § 501(a) of the [Internal Revenue Code] and is intended to comply with § 457(g) of the [Internal Revenue Code.]" Plan, subsection 15.6(4)(f). The Plan provides further—

g. Notwithstanding any contrary provision of the plan, in accordance with Section 457(g) of the Internal Revenue Code, all amounts of compensation deferred pursuant to the plan, all property and rights purchased with such amounts, and all income attributable to such amounts, property, or rights shall be held in trust for the exclusive benefit of participants and beneficiaries under the plan. Any trust under the plan shall be established pursuant to a written agreement that constitutes a valid trust under the law of the state of Iowa.

Plan, subsection 15.6(4)(g). As required by Tax Code § 457(b), the Plan limits the amount of compensation that an employee may defer. Plan, subsection 15.6(9). Deferred compensation is intended to be exempt from income taxes until the funds are paid to the employee. Plan, subsection 15.6(11). Plan distributions may be made under circumstances that include termination of employment and "unforeseeable emergency," as defined in 26 C.F.R. § 1.457–2(h). Plan, subsection 15.6(12)(a), (b). Domina has never withdrawn any funds from his Plan account.

## Discussion

■ The court first considers whether the Plan is property of the bankruptcy estate. Property of the estate generally includes "all legal or equitable interests of the debtor in property as of the com-

mencement of the case." 11 U.S.C. § 541(a)(1). An exception is found in § 541(c)(2), which provides that a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

In *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 (1992), the Supreme Court held that "applicable nonbankruptcy law" for purposes of § 541(c)(2) includes ERISA; it is not limited to state spendthrift law. Anti-alienation provisions required by ERISA were enforceable restrictions on the transfer of the debtor's interest. The debtor's interest in a plan subject to ERISA was not property of the estate.

In *In re Holst*, 192 B.R. 194 (Bankr. N.D.Iowa 1996), *aff'd*, 197 B.R. 856 (N.D.Iowa 1996), decided by this court, the issue again was whether the debtor's ERISA plan was property of the estate. On the date of filing, the debtor could have obtained a distribution from his 401(k) plan without terminating his employment. The trustee argued that the debtor's access to the funds made any transfer restrictions applicable to the plan unenforceable. The court held the anti-alienation provisions required by ERISA and the Tax Code were enforceable restrictions on the transfer of the debtor's beneficial interest. *Id.*, 192 B.R. at 197–200. Despite debtor's ability to gain access to the account, his plan was not property of the estate. Debtor did not need to show additionally that the plan was a spendthrift trust under state law.

■ The phrase "applicable nonbankruptcy law" in § 541(c)(2) encompasses "any relevant nonbankruptcy law." *Patterson v. Shumate*, 112 S.Ct. at 2246–47. A vast number of employees are participants in plans that are not subject to ERISA, because plans established by gov-

ernmental employers are excepted from ERISA coverage. 29 U.S.C. § 1003(b)(1); 29 U.S.C. § 1002(32). Nevertheless, courts have held non-ERISA employee plans to be excluded from the estate, finding enforceable transfer restrictions in other nonbankruptcy laws.

In *Whetzal v. Alderson*, 32 F.3d 1302 (8th Cir.1994), debtor was a former employee of the federal government and a participant in the Civil Service Retirement System. On the date of filing, he had the right to request a lump-sum benefit of approximately $35,000. The Eighth Circuit noted that, after *Patterson v. Shumate*, it is no longer necessary to determine whether a fund is a trust under state spendthrift law if the fund is subject to an enforceable restriction on transfer. *Id.* at 1304. The court concluded that 5 U.S.C. § 8346(a) is an enforceable restriction on the transfer of civil service benefits similar to the anti-alienation requirements applicable to ERISA plans. *Id.* at 1303–04. Debtor's interest in his benefits did not become property of the estate.

The case *Taunt v. General Retirement System of the City of Detroit (In re Wilcox)*, 233 F.3d 899 (6th Cir.2000), *cert. denied*, 533 U.S. 929, 121 S.Ct. 2550, 150 L.Ed.2d 717 (2001), involved a defined contribution retirement plan, incorporated in the charter of the City of Detroit. Debtor was a municipal employee with an interest in the plan. The Sixth Circuit held that an anti-assignment provision in the plan was an "enforceable" restriction on transfer within the meaning of § 541(c)(2), regardless of whether a plan participant had a statutory right of action to enforce the plan. *Id.* at 905–06.

In *In re Mueller*, 256 B.R. 445 (Bankr. D.Md.2000), the court held that the debtor's interest in the Maryland State Employees' Deferred Compensation Plan and

Trust was exempt or, alternatively, excluded from his estate. The plan contained enforceable restrictions on transfer pursuant to 26 U.S.C. & sect; 457 and Maryland law. *Id.* at 459–61.

Domina's Plan, as a "governmental plan," is excluded from coverage by ERISA. 29 U.S.C. § 1003(b)(1). The Plan is intended to be a deferred compensation plan under 26 U.S.C. § 457. There was no evidence that the Plan is not a tax-qualified plan. Section 457 governs the tax treatment of deferred compensation plans established for the employees of state and local governments. Some older decisions held that a & sect; 457 plan was not excluded from property of the estate because the plan was not a trust. *See, e.g., Hannan v. Public Employees Benefit Services Corp. (Matter of Pedersen)*, 155 B.R. 750 (Bankr.S.D.Iowa 1993). Section 457(g), added by amendment in 1996, provides that a governmental plan "shall not be treated as an eligible deferred compensation plan unless all assets and income of the plan described in subsection (b)(6) are held in trust for the exclusive benefit of participants and their beneficiaries." 26 U.S.C. § 457(g)(1). A trust created pursuant to § 457(g)(1) is a tax-exempt organization under 26 U.S.C. § 501(a). 26 U.S.C. § 457(g)(2).

The Plan contains extensive provisions for the creation and management of its trust. Iowa Admin. Code § 581–15.6(19A), subsection 15.6(4). The Plan restricts the debtor's transfer of his beneficial interest. *Id.* at subsections 15.6(3)(a),(b),(d). Provisions of the Iowa Administrative Code are presumed valid and have the force of law. *Hope Evangelical Lutheran Church v. Iowa Dept. of Revenue & Finance*, 463 N.W.2d 76, 84 (Iowa 1990); *State of Iowa ex rel. Spencer v. White*, 584 N.W.2d 572, 574 (Iowa App. 1998). The policy of protecting retirement benefits would weigh heavily in favor of enforcement of the transfer restrictions found in the Plan. *See Whetzal v. Alderson*, 32 F.3d at 1304 (protection of pension benefits more important than bankruptcy policy of inclusion of property in the estate, citing *Patterson v. Shumate*). The Plan's anti-alienation provisions would be effective to preclude voluntary and involuntary transfers. *In re Holst*, 192 B.R. at 197.

The court concludes that 26 U.S.C. § 457(g) and Iowa Admin. Code § 581–15.6(19A) are applicable nonbankruptcy law that create enforceable restrictions on the debtor's transfer of his beneficial interest. Domina's interest in the deferred compensation plan is not property of the estate. Therefore, it is unnecessary for the court to rule on the exemption issue.

IT IS ORDERED that the trustee's objection to exemptions is overruled as moot.