# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3689

_____

Lance A. Beaty; Stephen B. Nelson;      *
Great Western Resources, LLC;           *
Mid-West Truck Equipment, Inc.,         *
                                        *
      Appellees,                      *
                                        *
    v.                                  *   Appeal from the United States
                                        *   District Court for the
Stephen A. Griffin,                     *   Western District of Arkansas.
                                        *
      Appellant,                      *   [UNPUBLISHED]
                                        *
Family Shops, Inc.; Budget Tire &       *
Supply Company, Inc.; Petroleum         *
Equipment Co. Of Arkansas, Inc.; G &    *
K Oil Company; NWA Family Shops,        *
formerly known as Griffin-Mardis        *
Investments Inc., formerly known as     *
Flash Market Inc., Inc.; Bank of        *
Arkansas, N.A.; First National Bank of  *
Fort Smith; Arvest Bank; Community      *
Bank of Northwest Arkansas;             *
Farmers Bank of Greenwood;              *
Tommy Mardis; John A. Griffin; G & S    *
Oil Company; Steven Riggs; Highway      *
71 South Liquors; Empire Liquor, Inc.,  *
                                        *
      Defendants.                     *

_____

Submitted: October 31, 2006
Filed: November 8, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Stephen Griffin's attorneys, David Nixon and Theresa Pockrus ("Griffin's Counsel"), appeal from the district court's[1] order affirming the bankruptcy court's[2] imposition of $1,100 in sanctions against them under Federal Rule of Bankruptcy Procedure 9011.[3] The bankruptcy court imposed the sanctions because Griffin's Counsel had filed, in Griffin's name, counterclaims for which standing to sue rested solely with the bankruptcy estate's trustee.

We review the bankruptcy court's imposition of sanctions for an abuse of discretion. In re Coones Ranch, Inc., 7 F.3d 740, 743 (8th Cir. 1993). The bankruptcy estate included Griffin's counterclaims. 11 U.S.C. § 541(a)(1); Whetzal v. Alderson, 32 F.3d 1302, 1303 (8th Cir.1994). The bankruptcy trustee had the capacity to sue and be sued with respect to the estate's property. 11 U.S.C. § 323. Griffin's Counsel failed to establish any exception to the general rule that "a debtor may not prosecute

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

[2]The Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas.

[3]Although record documents refer to Griffin as the appellant, Griffin's Counsel are the real parties in interest in this appeal.

on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee." <u>Vreugdenhil v. Hoekstra</u>, 773 F.2d 213, 215 (8th Cir. 1985); <u>cf.</u> <u>Wissman v. Pittsburgh Nat'l Bank</u>, 942 F.2d 867, 869-71 (4th Cir. 1991) (where cause of action was exempt under bankruptcy laws and therefore not property of bankruptcy estate, debtor had standing to bring cause of action in own name without trustee's formal abandonment of claim).  We conclude that the bankruptcy court's imposition of sanctions was not an abuse of discretion.  <u>See</u> <u>Cooter & Gell v. Hartmarx Corp</u>., 496 U.S. 384, 404 (1990) (trial court is best situated to determine when sanctions are warranted; deference to determination of courts on front lines of litigation enhances courts' ability to control litigants).

 Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____