# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2011
_____

In re: Simply Essentials, LLC

*Debtor*

------------------------------

Pitman Farms

*Appellant*

v.

ARKK Food Company, LLC; Larry S. Eide, in his sole capacity as Trustee

*Appellee*s

*U.S. Trustee*

*U.S. Trustee*
_____

Appeal from United States Bankruptcy Court
for the Northern District of Iowa - Mason City
_____

Submitted: April 13, 2023
Filed: August 21, 2023
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

MELLOY, Circuit Judge.

The Trustee for the bankrupt debtor, Simply Essentials, LLC, filed a Motion to Compromise under Federal Rule of Bankruptcy Procedure 9019(b) and a Motion to Sell Property Free and Clear of Liens under 11 U.S.C. § 363(f). Pitman Farms, the owner of Simply Essentials who is also a creditor in this action, objected. Pitman Farms argued that the sale included Chapter 5 avoidance actions and that such actions are not part of the bankruptcy estate under 11 U.S.C. § 541(a). The bankruptcy court[1] granted the motion, finding Chapter 5 avoidance actions are part of the bankruptcy estate. Pitman Farms filed a motion to appeal the decision. The Bankruptcy Court certified Pitman Farms' motion to appeal, and this court granted permission to appeal.[2] We affirm.

I.

Simply Essentials operated a chicken production and processing facility in Iowa. When Simply Essentials ran into financial troubles, disgruntled farmers filed

---

[1]The Honorable Thad J. Collins, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

[2]A court of appeals can authorize a direct appeal of a bankruptcy court order:

> (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved . . . certify that (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A)

an involuntary petition under Chapter 7 of the Bankruptcy Code. The bankruptcy court appointed a Trustee. Pitman Farms and another creditor, ARKK Food Company, both filed claims against the estate.

The Trustee determined the estate did not have sufficient funds to pursue certain avoidance actions it held against Pitman Farms and received bids to compromise and sell the actions. Both ARKK and Pitman Farms entered bids for the avoidance actions. ARKK's offer included: (1) assuming all risks, costs, and fees of the avoidance actions, (2) reducing its own claims against the estate from $23.4 million to $2.5 million, (3) providing the estate with the first $600,000 in proceeds from the causes of action, and (4) providing the estate with 15% of the proceeds of any additional recovery, after deduction of ARKK's costs and fees. Pitman Farms offered to pay $1 million for the avoidance actions, with no other conditions. The Trustee reviewed the offers, determined ARKK's offer was superior, and filed the current motion to approve a compromise and sale. The bankruptcy court approved the motion to sell to ARKK, and Pitman Farms appealed.

## II.

The only issue on appeal is the legal question of whether avoidance actions can be sold as property of the estate. "As the facts of this case are undisputed, this court reviews the bankruptcy court's legal conclusions de novo." AmeriCredit Fin. Servs, Inc. v. Moore, 517 F.3d 987, 989 (8th Cir. 2008). Section 541(a) of the Bankruptcy Code defines property of the estate. The parties address two subsections of § 541(a) as possibly including avoidance actions. Subsection (1) states property of the estate includes: "all legal or equitable interests of the debtor in property as of the commencement of the case." Subsection (7) states property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." We address both subsections.

A.

Avoidance actions are claims to avoid a transfer of property by the debtor that was made voidable by the Bankruptcy Code. Avoidance actions include claims to recover fraudulent transfers and certain preferential transfers made too close in time to the filing of bankruptcy. Avoidance actions, of course, are causes of action. See United States v. Nordic Vill., Inc., 503 U.S. 30, 37 (1992) ("the right to recover a postpetition transfer under § 550 is clearly a 'claim'"). "Causes of action are interests in property and are therefore included in the estate[.]" In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

Pitman Farms argues avoidance actions belong to the Trustee or to other creditors and are not property of the estate. We disagree. In In re Racing Services, Inc., we held that while trustees have the first opportunity to bring avoidance actions, other creditors may seek permission to obtain derivative standing to bring the avoidance actions on behalf of the estate when a trustee is "unable or unwilling" to do so. 540 F.3d 892, 898 (8th Cir. 2008). Whether the avoidance action is brought by the trustee or by a creditor, the action is brought for the benefit of the estate and therefore belongs to the estate.

The Supreme Court has interpreted the definition of "property of the estate" broadly, finding § 541(a)(1) can be read "to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." See United States v. Whiting Pools Inc., 462 U.S. 198, 205 (1983). Our circuit has reinforced this principal, stating "[t]he scope of this section is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action." Whetzal v. Alderson, 32 F.3d 1302, 1303 (8th Cir. 1994). This language alone bolsters our conclusion that avoidance actions are property of the estate. However, the Supreme Court has gone even further, holding there are no requirements in the code "that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings." Whiting Pools Inc., 462 U.S. at 206.

In applying this principle, the Supreme Court held that "property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization" is part of the debtor's estate under subsection (1). Id. at 209. The Supreme Court noted that any other outcome "would deprive the bankruptcy estate of the assets and property essential to its rehabilitation effort and thereby would frustrate the congressional purpose behind the reorganization provisions." Id. at 208. While Whiting Pools does not speak directly to the property at issue in this case, we find the same logic to apply to avoidance actions.

The property of the estate includes inchoate or contingent interests held by the debtor prior to the filing of bankruptcy. See Segal v. Rochelle, 382 U.S. 375, 379 (1966) ("the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.") (interpreting a previous version of the Bankruptcy Code). Avoidance actions are used to undo transfers made by the debtor prior to the commencement of bankruptcy that were made voidable by the Bankruptcy Code. Because debtors have the right to file for bankruptcy and the debtor in possession or the Trustee may file avoidance actions to recover property, the debtor has an inchoate interest in the avoidance actions prior to the commencement of the bankruptcy proceedings. Therefore, avoidance actions are property of the estate under § 541(a)(1).

Even if we were to conclude the debtor does not have an interest in the avoidance actions prior to the commencement of the bankruptcy proceeding, the avoidance actions clearly qualify as property of the estate under subsection (7) which includes "[a]ny interest in property that the estate acquires after the commencement of the case." The Bankruptcy Code makes these assets available to the estate after the commencement of the case.

To the extent that Pitman Farms argues the property is created in a third period of time, a time that is equivalent to the moment the bankruptcy proceeding commences, we disagree. Finding such a period of time existed "would frustrate the

bankruptcy policy of a broad inclusion of property in the estate[.]" Whetzal, 32 F.3d at 1304.

B.

Pitman Farms additionally argues reading subsection (1) or (7) to include avoidance actions would cause surplusage in § 541(a). Section 541(a)(6) specifies that proceeds from property of the estate are included in property of the estate. See § 541(a)(6). Additionally, other subsections of § 541(a) specify that property from some avoidance actions are property of the estate. See § 541(a) (3) and (4). Therefore—according to Pitman Farms—if avoidance actions are property of the estate, the Bankruptcy Code would not have to specify the proceeds of such actions are property of the estate.

The "canon against surplusage is not an absolute rule[.]" Marx v. Gen. Revenue Corp., 568 U.S 371, 385 (2013). It is not unreasonable that Congress would repeat itself in order to ensure the results it intended were followed. Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992) ("Redundancies across statutes are not unusual events in drafting, and so long as there is no 'positive repugnancy' between two laws, a court must give effect to both." (citation omitted)). Such redundancies are particularly likely when, like in this case, the statute was edited over time to add specificity. See In re Harris, 886 F.2d 1011, 1014 n.5 (8th Cir. 1989) (noting subsection (3) was "amended in 1984 to provide expressly for the return of excessive attorney's fees to the estate"). Given the drafting history and the complex nature of the Bankruptcy Code, the possibility of our interpretation creating surplusage does not alter our conclusion that avoidance actions are part of the estate under the plain language of § 541(a).

Finally, Pitman Farms argues allowing the sale of avoidance actions would violate the trustee's fiduciary duty or undermine the purpose of avoidance actions. The trustee's fiduciary duty is to "maximize the value of the estate." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352 (1985). When an estate

-6-

cannot afford to pursue avoidance actions, the best way to maximize the value of the estate is to sell the actions. Our interpretation of the Bankruptcy Code—in a way that allows the Trustee to sell avoidance actions—is consistent with the congressional intent behind including a fiduciary duty to maximize the value of the estate.[3]

## III.

Even if there were any ambiguity in the statutory language we are persuaded by the consensus of courts across the country: avoidance actions are property of the estate. Pitman Farms points to no cases, and we find no case, where a court has denied a motion to sell after finding avoidance actions were not part of the estate. To the contrary, many courts have addressed this issue, or related issues, and concluded avoidance actions are property of the estate. See e.g., In re Moore, 608 F.3d 253, 262 (5th Cir. 2010) ("We conclude, therefore, that the fraudulent-transfer claims are property of the estate under §541(a)(1) . . . . In the alternative, the fraudulent-transfer claims became estate property under § 544(b) and—like other estate property—may be sold pursuant to § 363(b)." (citation omitted)); In re Ontos, Inc., 478 F.3d 427, 431 (1st Cir. 2007) ("It is well established that a claim for fraudulent conveyance is included within [11 U.S.C. § 541(a)(1)]" (citation omitted)); Nat'l Tax Credit Partners, L.P. v. Havlik, 20 F.3d 705, 708–09 (7th Cir. 1994) ("[T]he right to recoup a fraudulent conveyance, which outside of bankruptcy may be invoked by a creditor, is property of the estate that only a trustee or debtor in possession may pursue once a bankruptcy is under way."). See also In re Murray Metallurgical Coal Holdings, LLC, 623 B.R. 444, 518 (Bankr. S.D. Ohio 2021) ("The Court concludes that the Oak Grove Avoidance Actions and their proceeds are property of the estate that may be sold.").

---

[3]Pitman Farms raises a purely legal issue as to whether avoidance actions are property of the estate. It has not challenged the bankruptcy court's finding that the sale is in the best interest of the estate and that ARKK's offer is fair and reasonable.

The case most contrary to this conclusion is <u>In re Cybergenics Corp.</u>, 226 F.3d 237, 245 (3d Cir. 2000). <u>Cybergenics</u> held avoidance actions are not "assets" of the debtor. <u>Id.</u> But <u>Cybergenics</u> did not decide whether such actions are "property" of the estate. <u>Id.</u> at 246. The opinion stressed "'Cybergenics' assets' and 'property of the estate' have different meanings, evidenced in part by the numerous provisions in the Bankruptcy Code that distinguish between property of the estate and property of the debtor, or refer to one but not the other." <u>Id.</u> In any event, the value of <u>Cybergenics</u> in the present setting is undercut by a subsequent Third Circuit opinion which stressed "<u>Cybergenics</u> does not hold that trustees cannot transfer causes of action." <u>In re Wilton Armetale, Inc.</u>, 968 F.3d 273, 285 (3d Cir. 2020).

Accordingly, we agree with the bankruptcy court's conclusion that Chapter 5 avoidance actions are property of the estate and affirm the order approving the Trustee's motion to sell property of the estate.

_____