**In re Donald Lawrence SCHWARTZ aka Donald L. Schwartz aka Don Schwartz dba Don Schwartz (Farming), Debtor.**

**Bankruptcy No. 82–03049.**

United States Bankruptcy Court, N.D. Iowa.

July 18, 1984.

Stephen E. Barbour, Fort Dodge, Iowa, objector.

Thomas T. Tarbox, Fort Dodge, Iowa, successor trustee.

Kendall R. Surfass, Estherville, Iowa, for debtor.

Findings of Fact, Conclusions of Law, and ORDER Sustaining Trustee's Objection to Exemptions Claimed

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is an Objection filed by the Trustee to a claim of exemption by the Debtor. On March 5, 1982, the Debtor, filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. Among the assets scheduled by the Debtor was an Individual Retirement Account (IRA). On the date of filing, the IRA—containing $2,968.00—was held by the First Trust and Savings Bank of Armstrong, Iowa. Stated succinctly, the issue before the Court is whether an IRA is exempt under *Iowa Code* § 627.6(9)(e) (1983). Attorneys Stephen E. Barbour, Trustee, and Kendall R. Surfass appeared. Being fully advised and pursuant to F.R.B.P. 7052, this Court now makes the following findings of fact, conclusions of law and Order.

The issue before the Court is whether the Debtor's IRA may be exempt from the property of the bankruptcy estate and thus be beyond the reach of the Trustee acting on behalf of the Debtor's creditors. Germane to the disposition of this issue are two questions: (1) whether the IRA is prop-

erty of the bankruptcy estate, and (2) whether it is exempt under *Iowa Code* § 627.6(9)(e).

### IRA as Property of the Estate

The Debtor's filing of the voluntary Chapter 7 petition created a bankruptcy estate. 11 U.S.C. § 301 (1983). The bankruptcy estate is composed of all legal and equitable property interests of the Debtor. *Id.* § 541(a)(1). Generally speaking, however, a spendthrift trust is not property of the estate. *Id.* § 541(c)(2). The question in the case at bar therefore becomes whether an IRA qualifies as a spendthrift trust such that it does not become part of the bankruptcy estate.

■ Spendthrift trusts are trusts created to maintain a designated beneficiary and to insulate the fund from claims of the beneficiary's creditors. *In re Graham,* 24 B.R. 305, 310 (Bankr.N.D.Iowa 1982). Generally, a settlor cannot make a spendthrift trust for his own benefit. *See, e.g., De-Rousse v. Williams,* 181 Iowa 379, 389, 164 N.W. 896, 899 (1917); *Harrison v. City National Bank of Clinton Iowa,* 210 F.Supp. 362, 370 (S.D.Iowa 1962); Restatement (Second) of Trusts § 156. In the instant case, an IRA is a trust created for the benefit of an individual or his beneficiaries. 26 U.S.C. § 408(a) (1983). A taxpayer may shelter up to $2,000.00 yearly from federal income tax by placing the money into an IRA. *Id.* § 408(e). The taxpayer possesses unlimited power to withdraw from the fund at any time. A ten percent (10%) tax will be incurred, however, when any portion of the fund is withdrawn before retirement. *Id.* § 408(d)(1). Therefore, under an IRA, the taxpayer is the settlor as well as the beneficiary. In this instance the taxpayer is the Debtor herein.

■ The Debtor possesses the power to revoke the IRA. If revoked, the Debtor would obtain the fund's cash value, subject only to the 10% tax penalty. Because of the Debtor's power of revocation, the IRA does not qualify as a spendthrift trust. Therefore, the IRA became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) when the Debtor filed his bankruptcy petition.

### This IRA is Non-exempt Property

Having determined that the IRA is property of the bankruptcy estate, it must now be decided whether the IRA is exempt under state law. The applicable Iowa statute is provided in *Iowa Code* § 627.6(9)(e) (1983):

A debtor who is a resident of this state may hold exempt from execution the following property:

(9) the debtor's rights in:

(e) A payment under a pension, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependents of the debtor.

Assuming, without deciding, that an IRA constitutes a debtor's "right in … a payment under a pension, annuity or similar plan or contract on account of … age or length of service," the IRA in the case at bar does not fall under *Iowa Code* § 627.-6(9)(e) because there is no showing that such payment is "reasonably necessary for the support of the debtor and any dependents of the debtor."

■ When the Iowa legislature enacted § 627.6, it followed substantially the exemption provisions contained in 11 U.S.C. § 522. *Cf. In re Turpin,* 644 F.2d 472 (5th Cir.1981); *In re Clark,* 18 B.R. 824 (Bankr. E.D.Tenn.1982); *In re Donaghy,* 11 B.R. 677 (Bankr.S.D.N.Y.1981). Because of this similarity between the Iowa and the Federal exemptions statutes, this Court looks to the intent espoused for the Federal exemption statute to apply to Iowa's exemptions statutes. Attempting to discover the meaning of "reasonably necessary," this Court is led to the Report of the Commission on Bankruptcy laws of the United States. That Commission proposed that property be "exempt … to the extent the debtor's interest is reasonably necessary for the support of the debtor and depend-

ents." H.R. Doc. No. 93–1037, 93rd Cong., 1st Sess. § 4–503(c)(6) (1973). Further, in August 1976, the National Conference of Commissioners on Uniform State Laws promulgated a Uniform Exemptions Act (UEA). Section 6(B) of the UEA defined the phrase "property to the extent reasonably necessary for the support of the debtor and his dependents" to mean:

> Property required to meet present and anticipated needs of the debtor and his dependents as determined by the court after consideration of the debtor's responsibilities and all of the present and anticipated property and income of the debtor including that which is exempt.

Construing UEA § 6(B), the court in *In re Taff*, 10 B.R. 101, 105–06, (Bankr.D.Conn. 1981), held that fifty percent of the payments a debtor received from a pension were not exempt from the bankruptcy estate. The *Taff* court followed the factors enunciated in UEA § 6(B). *See Id.* at 107. Other courts have so followed UEA § 6(B) and *Taff*. *See, e.g., In re Werner*, 31 B.R. 418 (Bankr.D.Minn.1983); *In re Kochell*, 26 B.R. 86 (Bankr.W.D.Wis.1982); *In re Donaghy*, 11 B.R. 677 (Bankr.S.D.N.Y.1981).

■ Applying the *Taff* and UEA § 6(B) standard to the case at bar, as of the time of the filing the petition, the IRA was not reasonably necessary for the support of the debtor, his wife and two children. When the Debtor filed his bankruptcy petition, he was engaged in farming. That farming operation proved profitable in 1980 and 1981.

The debtor was not receiving payments from the IRA which demonstrates the lack of a present need for the IRA. In addition, the debtor was young and self-employed at the time of filing and apparently would be able to save sums for his retirement. Finally, the Debtor's schedules included $7,776.00 in exempt property.

The Debtor's exempt property and his ability to work and earn a living on the date of filing demonstrate that the IRA was not reasonably necessary for the support of the Debtor and his dependents.

Based on the above, this Court concludes that this IRA should not be exempted pursuant to *Iowa Code* § 627.6(9)(e) as there was not a present need for the IRA on the date of filing. The Trustee's objection is therefore sustained and the claim of exemptions with respect to the IRA is disallowed; and

IT IS SO ORDERED.