In re Philip SCHUSTER, Debtor.

No. 00–58256.

United States Bankruptcy Court,
D. New Jersey.

Dec. 21, 2000.

Daniel E. Straffi, Toms River, NJ, for trustee.

John A. Lipowski, Morristown, NJ, for the Debtor.

## MEMORANDUM OPINION

KATHRYN C. FERGUSON,
Bankruptcy Judge.

On December 4, 2000, the court heard oral argument on the Chapter 7 Trustee's motion objecting to the Debtor's exemptions and the Debtor's cross-motion seeking a declaration that his annuities are not property of the bankruptcy estate. The court granted the Debtor's cross-motion from the bench and this opinion supplements that ruling.

Prior to the hearing, the Trustee conceded that two of the annuities are in fact IRAs and are not property of the estate. Accordingly, the only annuities at issue are those from Transamerica Life Insurance Company of New York and Royal Life Insurance Company of New York. The Debtor describes the Transamerica annuity policy as a single premium deferred annuity and the Royal Life annuity policy as a non-qualified annuity. Both annuity policies are administered by life insurance companies. The Trustee argues that the annuities are property of the estate because there is no restriction on alienation and the Debtor may surrender the annui-

ties. The Debtor argues that the same analysis applies to annuities as IRAs, and therefore, they should not be considered property of the estate under § 541(c)(2).

The Trustee relies on *In re Neto*, 215 B.R. 939 (Bankr.D.N.J.1997) in support of his argument that annuities are property of the bankruptcy estate. That case involved an annuity purchased by the State of New Jersey on behalf of the debtor to pay lottery winnings. The court found the annuity was property of the estate because there was no restriction on transfer sufficient to remove it from property of the estate. The *Neto* court acknowledged that *N.J.S.A.* 17B:24–7 provided restrictions on transfer, but disregarded the statute because "any such restrictions on transfer and/or attachment are far from absolute...." *Neto*, 215 B.R. at 943.

This court respectfully disagrees with the *Neto* court's analysis. The flaw in that analysis is that it reads language into § 541(c)(2) that is simply not there. Section 541(c)(2) excludes from property of the estate any property that contains "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." The language of the statute is clear: it does not say "absolute restriction on transfer" it says "a restriction on transfer." The duty of a court when the statutory language is clear is to interpret the statute as it is written. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999)("in any case of statutory construction, our analysis begins with the language of the statute ... and where the statutory language provides a clear answer, it ends there as well.")(internal citations omitted) Therefore, since the statute simply refers to "a restriction on transfer" this court will not require that it be an absolute restriction on transfer.

The next step in the analysis is to determine whether these two annuities satisfy all of the requirements of § 541(c)(2) necessary to exclude them from property of the estate. As this court found in *In re Yuhas*, "[a]pplication of the exclusion to a particular asset requires the court to make at least three distinct determinations: 1) does the debtor have a beneficial interest in a trust; 2) is the transfer of that interest restricted; and 3) is the restriction enforceable under applicable nonbankruptcy law." *In re Yuhas*, 186 B.R. 381 (Bankr.D.N.J.1995)

The first issue is whether the annuities qualify as trusts. The Restatement of Trusts defines a trust as "a fiduciary relationship with respect to property, arising as a result of a manifestation of an intention to create that relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit of charity or for one or more persons, at least one of whom is not the sole trustee." Restatement (Third) of Trusts § 2 (1996). Annuity is defined as "a right to receive fixed, periodic payments, either for life or for a term of years ... A fixed sum payable to a person at specified intervals for a specific period of time or for life." *Williams v. Metzler*, 132 F.3d 937 (3d Cir.1997)(quoting Black's Law Dictionary at 90 (6th ed.1990)). According to those definitions, these annuities qualify as trusts. When the Debtor purchased these annuities from the insurance companies, he did so with the expectation that the money would be paid to him at some later date in accordance with the terms of the annuity contract.

Next, the court must find that there is a restriction on the transfer of the Debtor's interest in these trusts. The Bankruptcy Code takes an expansive view of transfers. 11 U.S.C. § 101(54) ("every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property....") As the Supreme Court explained in *Barnhill v. Johnson*, 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992), a "transfer" for purposes of the Bankruptcy Code occurs when some interest of the debtor is unconditionally shifted. An annuity would satis-

fy that definition because an interest of a debtor would be unconditionally shifted if a creditor executing on a judgment were able to reach an annuity. *See, e.g., In the Matter of Freedom Group,* 50 F.3d 408 (7th Cir.1995)("transfer" is broadly defined and includes issuance of final order of garnishment).

The restriction on transfer is found in *N.J.S.A.* 17B:24–7, which provides that the "benefits, rights, privileges, powers, and options under any annuity contract ... shall not be subject to execution, garnishment, attachment, sequestration or other legal process...." That language overwhelmingly demonstrates the New Jersey Legislature's intent to shield annuities from the claims of creditors. It does not alter the court's analysis that the Transamerica annuity is a deferred annuity and the Royal Life annuity is a non-qualified annuity, because the statute applies to "any annuity contract." *N.J.S.A.* 17B:24–7

The statute does contain an exception to the restriction on transfer for any amounts paid into an annuity with the intent to defraud creditors and for any periodic payments in excess of $500 a month. As discussed earlier, the fact that *N.J.S.A.* 17B:24–7 contains some exceptions does not bring it outside the ambit of § 541(c)(2). The Third Circuit has held that IRAs are not property of the estate by virtue of § 541(c)(2) and *N.J.S.A.* 25:2–1 despite the fact that IRAs are freely alienable. *In re Yuhas,* 104 F.3d 612 (3d Cir.1997). Individuals may withdraw their funds from an IRA at any time, subject only to tax penalties. There is no compelling reason why annuities should have to be more restrictive than IRAs in order to be excluded from property of the estate under § 541(c)(2).

Finally, the court must determine whether the restriction is enforceable under applicable nonbankruptcy law. The applicable nonbankruptcy law in this instance is the New Jersey statute regarding annuity contracts, *N.J.S.A.* 17B:24–7. The Third Circuit has unequivocally stated that

applicable nonbankruptcy law in this context includes state law. *In re Yuhas,* 104 F.3d 612 (3d Cir.1997); *Velis v. Kardanis,* 949 F.2d 78 (3d Cir.1991). Therefore, this requirement is also satisfied.

The Trustee also asserts that the annuities are not excluded from property of the estate because there are no restrictions on alienation and the Debtor may surrender the annuities. Although that interpretation of § 541(c)(2) was prevalent among courts for some time, the idea that § 541(c)(2) only applied to spendthrift trusts was put to rest by the Supreme Court's decision in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Thus, the absence of a restriction on alienation is not a basis for finding that the annuities are property of the estate.

Having found that the Debtor's annuities satisfy all of the requirements of § 541(c)(2) and do not need to be inalienable, the court will grant the Debtor's cross-motion and declare these annuities to be exempt from property of the estate.