**In re Robin A. HUPTON, Susan K. Hupton, Debtors.**

No. 02–02159.

United States Bankruptcy Court, N.D. Iowa.

Nov. 25, 2002.

Order denying motion pursuant to Bankruptcy Rules 7052 and 9023 Dec. 19, 2002.

Wesley B. Huisinga, Cedar Rapids, IA, for Sheryl Youngblut.

Janice R. McCool, Cedar Rapids, IA, for Robin A. Hupton and Susan K. Hupton.

Garry McCubbin, St. Louis, MO, for Wachovia Bank.

## ORDER RE OBJECTION TO EXEMPTION AND MOTION FOR TURNOVER

PAUL J. KILBURG, Chief Judge.

The above-captioned matter was heard on October 8, 2002 on Trustee's Objection to Exemption and Motion for Turnover. Trustee Sheryl Youngblut was represented by attorney Wes Huisinga. Debtors Robin and Susan Hupton were represented by attorney Jan McCool. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B, E).

## STATEMENT OF THE CASE

Trustee objects to Debtor's exemption of her interest in an annuity contract and seeks turnover of the property. Debtor asserts this is an exempt asset. In the alternative, Debtor argues the annuity is excluded from her bankruptcy estate under § 541(c)(2).

## FINDINGS OF FACT

Debtor Susan Hupton receives monthly payments from a Prudential Investments annuity contract. The annuity contract was purchased by Debtor's father, Earl F. Kaska, in 1988, as an IRA. It provides for guaranteed monthly payments of $363.41 for 20 years. Debtor was named beneficiary if Mr. Kaska died before all annuity payments became due. Mr. Kaska died in 1992. Debtor has received the monthly payments since then with the last payment due May 24, 2008.

The annuity contract contains a "Limitation Provision" which states: "NON–TRANSFERABLE. This contract may not be sold, assigned, discounted, or pledged for any purpose to anyone except us." In a letter to Trustee, Prudential Financial states that the contract does not have a cash value and there are no withdrawals available on this type of annuity. It also reiterates the language of the contract that it may not be sold, assigned, discounted or pledged to anyone except Prudential. In the Beneficiary Provision, the contract states: "A beneficiary receiving annuity payments may elect to receive in one sum the amount which would be payable to his or her estate if he or she were to die at that time."

## OBJECTION TO EXEMPTION

In Schedule C, Debtor claims the annuity exempt under Iowa Code section 627.6(8)(e) which states, in pertinent part:

A debtor who is a resident of this state may hold exempt from execution the following property:

. . .

8. The debtor's rights in:

. . .

e. A payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service.

Iowa Code § 627.6(8)(e).

■ At the hearing, counsel for Debtor conceded that the annuity payments Debtor receives are not "on account of [Debtor's] illness, disability, death, age, or length of service." Thus, the Court finds that Debtor may not claim the annuity payments exempt under this statute. The issue which remains is whether these payments are otherwise excluded from Debtor's bankruptcy estate.

## PROPERTY OF THE ESTATE

■ All legal and equitable interests of a debtor in property as of the commencement of the case become property of the estate pursuant to § 541(a). The scope of this section is very broad. *Whetzal v. Alderson*, 32 F.3d 1302, 1303 (8th Cir.1994). A debtor's interest in property becomes property of the estate "notwithstanding any provision in an agreement, transfer instrument, or applicable non-bankruptcy law [ ] that restricts or conditions transfer of such interest by the debtor." 11 U.S.C. § 542(c)(1)(A). An exception to this rule appears in § 541(c)(2) which states: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

■ This section preserves the status of traditional spendthrift trusts as recognized by state law. *In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984). In *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court stated: "The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." The Court in *Patterson* concluded that such nonbankruptcy law includes federal law, such as ERISA's restrictions regarding pension plans. *Id.* at 759, 112 S.Ct. 2242. In addition to spendthrift trusts and ERISA-qualified plans, § 541(c)(2) excludes from the bankruptcy estate similar property with enforceable restrictions on transfer. *See Whetzal*, 32 F.3d at 1304 (excluding a federal employee's CSRS benefits); *In re Domina*, 274 B.R. 829, 831 (Bankr. N.D.Iowa 2002) (excluding deferred compensation plan benefits); *In re Nelson*, 274 B.R. 789, 798 (8th Cir. BAP 2002) (excluding former spouse's rights in an ERISA retirement plan arising from divorce-related QDRO); *Manufacturers Bank & Trust Co. v. Holst*, 197 B.R. 856, 859 (N.D.Iowa 1996) (excluding 401(k) benefits). IRAs do not have the type of enforceable transfer restrictions which would exclude them from bankruptcy estates under § 541(c)(2). *See In re Rousey*, 283 B.R. 265, 272 (8th Cir. BAP 2002) (refusing to exclude IRA from bankruptcy estate); *In re Caslavka*, 179 B.R. 141, 143 (Bankr.N.D.Iowa 1995)(same).

■ The Court can conclude from Debtor's Exhibit 1 that the annuity at issue in this case was originally an individual retirement annuity which was funded by Debtor's father. It is not subject to ERISA and is not excluded from the bankruptcy estate under the *Patterson* rationale. As IRAs do not contain enforceable restrictions on transfer, the annuity's origin as an individual retirement annuity does not qualify it for exclusion from the bankruptcy estate under § 541(c)(2).

■ Generally, when considering exclusion of annuities from the bankruptcy estate under § 541(c)(2), courts apply the

law of the state where the funds are situated. *Drewes v. Schonteich*, 31 F.3d 674, 677 (8th Cir.1994). For example, the court in *In re Schuster*, 256 B.R. 701, 703 (Bankr.D.N.J.2000), found an annuity excluded from the bankruptcy estate based on a New Jersey statute which shields annuities from execution. The Iowa Code does not include such a statutory shield for annuities.

■■■■ Thus, the Court is left with the law of spendthrift trusts in Iowa to determine whether the annuity is excluded from the estate under § 541(c)(2). The Iowa Trust Code effective in 2000 is applicable and recognizes spendthrift protection in trusts. Iowa Code § 633.2301. That section states: "[I]f the terms of the trust provide that a beneficiary's interest in the income and principal is not subject to either voluntary or involuntary transfer, the beneficiary's interest shall not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary." *Id.* Iowa common law also recognizes and upholds the validity of spendthrift trusts. *In re Dodge's Estate*, 281 N.W.2d 447, 450 (Iowa 1979). "Spendthrift trusts are trusts created to maintain a designated beneficiary and to insulate the fund from claims of the beneficiary's creditors. Generally, a settlor cannot make a spendthrift trust for [the settlor's] own benefit." *In re Schwartz*, 58 B.R. 606, 607 (Bankr.N.D.Iowa 1984); Iowa Code § 633.2302(1). A trust having a valid restraint on the voluntary and involuntary transfer of the beneficiary's interest is a spendthrift trust. *In re Tone's Estates*, 240 Iowa 1315, 39 N.W.2d 401, 407 (Iowa 1949). When a trust does not qualify as a spendthrift trust under state law, its restriction on alienation is ineffective in the context of a determination under § 541(c)(2). *In re Holst*, 192 B.R. 194, 198 (Bankr.N.D.Iowa), *aff'd* 197 B.R. 856 (N.D.Iowa 1996).

■■■■ Iowa law provides that a trust is created by the transfer of property by the owner to another person as trustee for a third person. *State v. Caslavka*, 531 N.W.2d 102, 105 (Iowa 1995); Iowa Code §§ 633.2101, 633.2102. No particular form of words is necessary if there is reasonable certainty as to the property, the objects and the beneficiaries. *Heiden v. Cremin*, 66 F.2d 943, 948 (8th Cir.1933). "The facts and circumstances surrounding the transaction, statement of intentions [ ] of settlors, conduct and actions of the parties, especially the donee, [and] written statements ... all taken together establish the existence of a trust relationship." *Butler*, 114 N.W.2d at 612. The court must give primary attention to the language creating the trust and the intent of the settlor expressed therein. *In re Estate of Dodge*, 281 N.W.2d 447, 451 (Iowa 1979). No trust is created if the settlor does not manifest an intention to impose enforceable duties upon the transferee. *Cox v. Cox*, 357 N.W.2d 304, 306 (Iowa 1984).

In *Schwartz*, this court found that an individual retirement account does not qualify as a spendthrift trust because of the debtor's power of revocation. 58 B.R. at 607. For courts considering whether annuities constitute spendthrift trusts for purposes of excluding them under § 541(c)(2), the consensus is that they do not. *See In re Hendrickson*, 274 B.R. 138, 148 (Bankr.W.D.Pa.2002) (finding wrongful death annuity, though subject to restrictions, did not meet elements of a spendthrift trust); *In re Robbins*, 211 B.R. 2, 4 (Bankr.D.Conn.1997) (finding personal injury structured settlement annuity was not spendthrift trust where the debtor had unrestricted access to income); *In re Walters*, 172 B.R. 283, 287 (Bankr.W.D.Mo. 1994) (finding personal injury settlement

444

annuity did not manifest intent to create a trust); *In re Riley,* 91 B.R. 389, 391 (Bankr.E.D.Va.1988) (finding annuity agreements create a debtor/creditor relationship, not a trust); *In re Brown,* 86 B.R. 944, 947–48 (N.D.Ind.1988) (finding lottery winner's annuity with nonalienation provision is a contract, not a trust excludable under § 541(c)(2)).

In *Drewes v. Schonteich,* 31 F.3d 674, 676 (8th Cir.1994), the court considered whether to exclude from the estate a debtor's monthly payments as beneficiary under agreements with charitable institutions. The debtor served as caretaker for an elderly man who named her beneficiary of several agreements between himself and two charitable institutions. *Id.* The court considered whether the man intended to create a spendthrift trust and whether he complied with the state's requirements for formation of a spendthrift trust. *Id.* at 677. It applied Minnesota and California law to find all elements of a trust were present. *Id.* The court further found these trusts were subject to enforceable restrictions on transfer. *Id.* Because the debtor had not contributed any money to the trust funds and had no control over the corpus, the elements of a spendthrift trust were met. *Id.* at 678.

In *In re Yaeger,* 1998 WL 356888, at *1 (Bankr.D.Minn. June 26, 1998), the court considered a debtor's interest as beneficiary of his deceased father's deferred compensation agreement. The agreement contained a restriction on transfer, making the debtor's interest nonassignable. *Id.* at *2. The court found the arrangement was not governed by ERISA and was plainly not a spendthrift trust. *Id.* at *3, *7. It concluded the debtor's interest in receiving monthly payments under the agreement was not excluded from the bankruptcy estate. *Id.* at *9.

## CONCLUSIONS OF LAW

■ The Court concludes that *Patterson* is not applicable to this case as the annuity contract is not governed by ERISA. Also, the annuity is not analogous to similar plans or trusts which have been excluded from the bankruptcy estate under § 541(c)(2) based on *Patterson* and its progeny. The annuity also is not excludable from the estate based on its status as an IRA.

This property does not easily fit within the definition of a trust under Iowa law. The annuity is more like a contract than a trust. Debtor is the "beneficiary", but Prudential is a payor, rather than a trustee, and the funds arise from the annuity contract, rather than from a trust res transferred to Prudential by Debtor's father.

For purposes of this ruling, the Court will assume without deciding that the annuity arrangement is a trust, with Debtor the beneficiary, Prudential the trustee, and Mr. Kaska the settlor. The trust res is Debtor's right to receive monthly payments until May of 2008. There is no issue of the "trust" being self-settled as Debtor is not the settlor.

The Court gives primary attention to the language of the annuity agreement and any indication of the intent of Mr. Kaska. There is little evidence of Mr. Kaska's intent. The contract language itself is sparse. The Court must determine from it whether Mr. Kaska intended the annuity payments after his death to maintain Debtor and be insulated from the claims of her creditors. Further, the contract must validly restrain any voluntary or involuntary transfer of Debtor's interest.

Based on the record presented, the Court concludes Debtor's interest in the annuity is not excluded from the bankruptcy estate under § 541(c)(2). The language

of the beneficiary provision states that Debtor may elect to receive in one sum the amount which would be payable to her estate if she were to die. If Debtor chose that option, there is no restraint on transfer and the proceeds would not be insulated from her creditors. Furthermore, the limitation provision applies to any attempted transfer of Debtor's interest except a transfer back to Prudential. This restrains only transfers which are not to Prudential itself. Thus, Debtor may voluntarily transfer her interest to Prudential which disqualifies the annuity from being a spendthrift trust.

**WHEREFORE,** Trustee's Objection to Exemption and Motion for Turnover is GRANTED.

**FURTHER,** Debtor's interest in the Prudential annuity is not exempt.

**FURTHER,** Debtor's interest in the Prudential annuity is not excluded from the bankruptcy estate under § 541(c)(2).

**FURTHER,** Trustee is entitled to liquidate Debtor's interest in the Prudential annuity as property of the estate.

## ORDER RE MOTION PURSUANT TO BANKRUPTCY RULES
### • 7052 AND 9023

The Court filed an Order re Objection to Exemption and Motion for Turnover on November 25, 2002. It found Debtor's interest in a Prudential annuity is not exempt and is not excluded from the bankruptcy estate under § 541(c)(2). Further, Trustee is entitled to liquidate Debtor's interest in the annuity as property of the estate.

Debtor filed a Motion Pursuant to Bankruptcy Rules 7052 and 9023 on December 5, 2002. These rules provide for amendment of findings, alteration or amendment of judgment, or new trial through adoption of Rules 52 and 59 of the Federal Rules of Civil Procedure. This Court has reviewed the Motion and concludes that no purpose would be served by additional oral argument. Ruling on this Motion can be made without further hearing.

 A motion under Rule 59(e) is not an opportunity to reargue a case. *In re No–Am Corp.*, 223 B.R. 512, 514 (Bankr. W.D.Mich.1998). "Rule 59(e) motions are aimed at re-consideration, not initial consideration." *Id.*

> [The] court has broad discretion in determining whether to grant a Fed. R.Civ.P. 59(e) motion to alter or amend judgment ... Federal Rule of Civil Procedure 59(e) was adopted to clarify a[ ] court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

*Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir.1998) (citations omitted); *DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1495 (N.D.Iowa 2002). Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion. *Peters v. General Serv. Bureau, Inc.*, 277 F.3d 1051, 1057 (8th Cir.2002). When issues have been carefully analyzed and a judgment has been rendered, only a change in the law or the facts upon which the court's decision was based generally justifies a reconsideration or amendment of a court's previous order. *In re DEF Invs., Inc.*, 186 B.R. 671, 681 (Bankr.D.Minn.1995).

 Debtor argues that New Jersey law should be applied as Prudential is

a New Jersey corporation and the annuity was established there. She asserts a New Jersey statute which shields annuities from execution excludes the annuity from the bankruptcy estate. Debtor has not previously pled or argued the applicability of other law. It is axiomatic that Debtor has the burden to plead and prove applicable law. If foreign law is not pled or proven, the law of the forum applies. The Court finds that Debtor has not met that burden as regards application of New Jersey law. Furthermore, Debtor was required to present this argument earlier in the proceedings.

Debtor additionally asserts that the annuity contract provides that it may only be transferred to Prudential by the annuitant within ten days of receipt of the annuity. Again, Debtor has not previously asserted this argument. From the record presented, the Court notes the ten-day limit appears in a paragraph entitled "Right to Cancel Contract." Neither the Beneficiary Provision nor the Limitation Provision contain this ten-day limit.

Finally, Debtor argues the contract has no value and is therefore not an asset of the estate. Debtor's interest in the annuity is the right to receive monthly payments until May of 2008. The Court does not agree that this interest has no value.

Based on the foregoing, the Court concludes Debtor is not entitled to amendment of findings, alteration or amendment of judgment, or new trial under Rules 7052 or 9023. As such, Debtor's Motion must be denied and the Court's November 25, 2002 ruling remains as entered in its entirety.

**WHEREFORE**, Debtor's Motion Pursuant to Bankruptcy Rules 7052 and 9023 is DENIED.