**Sharlene Marie SEE, Debtor.**

**No. 03–01975.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 20, 2003.

Yara El–Farhan Halloush, Cedar Rapids, IA, for Debtor.

## ORDER RE: CREDITOR'S MOTION TO ALTER OR AMEND JUDGMENT

PAUL J. KILBURG, Chief Judge.

Debtor filed a Chapter 7 petition in this court listing Blue Grass Savings Bank as a creditor. Thereafter, Debtor filed an Application for rule to show cause why the Bank should not be sanctioned for violation of the automatic stay pursuant to & sect;362. The Bank was served but never filed a responsive pleading and did not appear at trial.

On October 28, 2003, the Court ruled on Debtor's Application with judgment being entered against the Bank in the total amount of $6,730.79. The Bank filed a motion to alter or amend judgment on November 7, 2003. It asserts "[t]here are errors of facts in the Court's order," and requests the Court vacate "its findings of contempt and its award of attorney's fees and punitive damages against the Bank." The Bank seeks reconsideration of the October 28 Order pursuant to Federal Rule of Civil Procedure 59(e) and Bankruptcy Rule 9023.

The Bank does not allege a lack of notice of Debtor's motion or of the hearing on sanctions held October 15, 2003. It states: "This motion is directed to the Court with a respectful apology from the Bank for failure to appear at the October 15, 2003 hearing. Neither the Bank nor Mr. Chyma intended any contempt or disrespect of the Court." This statement strongly implies, if not concedes, that the Bank had notice of the motion and hearing.

This Court has reviewed the Bank's Motion to alter or amend judgment, and its supporting documents, and concludes that further hearing or argument on this matter is unnecessary.

Rule 59(e) and Bankruptcy Rule 9023 are not vehicles for presenting evidence and argument which the Bank could have presented at the original hearing. *In re Hupton*, 287 B.R. 438, 445 (Bankr. N.D.Iowa 2002).

Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

*Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir.1998) (citations omitted); *DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1495 (N.D.Iowa 1995). Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion. *Peters v. General Serv. Bureau, Inc.*, 277 F.3d 1051, 1057 (8th Cir.2002).

It is obvious from this record that the Bank had the opportunity to appear and present evidence and argument at the hearing on October 15, 2003. It chose to disregard that opportunity. While its reasons for this decision are not revealed, this Court can only surmise that the Bank made the informed choice to ignore these proceedings, waiting to see the outcome. Now that it knows the extent of the judgment, the Bank offers an apology for not appearing and seeks to present its evidence to modify the findings of fact and challenge the imposition of punitive damages and attorney fees.

Based on the foregoing, the Court concludes the Bank's Motion to Alter or Amend Judgment must be denied. The

Bank made the decision not to respond to Debtor's motion for sanctions or appear at hearing. By so doing, the Bank waived its right to now complain about the result. Rule 9023 was not intended to countenance this type of manipulation of the established rules governing the resolution of controversies.

**WHEREFORE,** Blue Grass Savings Bank's Motion to Alter or Amend Judgment is DENIED.